IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ASHRAF AL BABASEH, <br><br> and <br><br> RICKYS CHIPS, LLC, <br><br>          Plaintiffs, <br><br> v. <br><br> UTZ QUALITY FOODS, LLC, <br><br>          Defendant. | Civil Action No. 4:23-cv-00004-TTC |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Now comes Defendant Utz Quality Foods, LLC ("Utz") and in support of its Motion to Enforce Settlement Agreement, states as follows:

### PROCEDURAL & FACTUAL BACKGROUND

Plaintiffs commenced this litigation by filing their Complaint in the Circuit Court for the City of Danville, Virginia on November 30, 2022. Utz timely removed the action to this Court and filed its Answer to Complaint (Doc. 12). On February 27, 2023, the Court entered a Scheduling Order (Doc. 20) setting a jury trial for December 7-8, 2023. On the same day, at the joint request of the parties, the Court entered an Order (Doc. 21) referring the case to United States Magistrate Judge Joel C. Hoppe for mediation. A settlement conference was held with Judge Hoppe beginning on March 23, 2023.

Following the efforts by Judge Hoppe to mediate the parties' disputes on Thursday, March 23, 2023, counsel for Defendant sent a draft document entitled "Material Terms of Settlement" to

Judge Hoppe and Plaintiffs' counsel pursuant to the request of Judge Hoppe consistent with his rules for the mediation. See Exhibit 1 (email with attachment dated March 23, 2023 at 5:48 p.m.).[1] Defendant's counsel was then informed that Plaintiffs had asked until 5 p.m. the next day to decide if the Material Terms of Agreement were acceptable. Defendant agreed to the request. The next day (Friday, March 24, 2023), Plaintiffs' counsel sent an email at 3:56 p.m. to Defendant's counsel and to Judge Hoppe that stated ". . . Ricky is in agreement to essentially every aspect of these terms. The only caveat he is requesting is that the money be paid into escrow, whether it be to my firm or a neutral site . . . ." See Exhibit 3.

Following a discussion among counsel shortly thereafter on March 24, 2023, it was proposed that escrow could be avoided by adding a provision to the Material Terms of Settlement that Judge Hoppe would address and rule on any dispute between the parties "or any dispute over any payments." See Exhibit 4 (email, with attachment, from Defendant's counsel to Plaintiffs' counsel sent on March 24, 2023 at 5:18 p.m.). The attachment to that email was the exact same document with all of the exact same terms except for the addition of the six words in quotes above, which were inserted into paragraph 4 of the Material Terms of Settlement. At 6:12 p.m. on that day (March 24, 2023), Plaintiffs' counsel sent an email to Judge Hoppe, copying Defendant's counsel, stating as follows: "*Counsel and I have agreed to terms.* Instead of my firm holding the money in escrow, we included language into the agreement that any Disputes over the smooth transition 'or payment' be taken up before you." See Exhibit 5 (emphasis added). At 6:35 p.m. on that day (March 24, 2023), Plaintiffs' counsel sent Defendant's counsel an email that said in

---

[1] Each of the factual statements in this Brief regarding communications between counsel for Plaintiffs and counsel for Defendant, including emails and their attachments, are supported by the Declaration of Richard J. Reibstein, Esq., counsel for Defendant admitted *pro hac vice* in this civil action, attached hereto as Exhibit 2. Each of the Exhibits referenced in this Brief are annexed to the Declaration of Richard J. Reibstein, Esq.

relevant part, "Just as a heads up, Ricky agrees to the new language." See Exhibit 6. At approximately the same time (6:36 p.m. on Friday, March 24, 2023), Judge Hoppe sent an email to all counsel that said, "Thanks for the update. I'm happy to serve in the role of resolving such disputes if necessary." See Exhibit 7.

The next day (Saturday, March 25, 2023), Defendant's counsel sent the same document that was sent to Plaintiffs' counsel at 9:37 a.m. on March 25, 2023 (Exhibit 3) to Plaintiffs' counsel once again, this time signed by Defendant. See Exhibit 8.

On Monday, March 27, 2023, at 8:46 a.m., a Minute Entry (Doc. 28) was entered stating: "Settlement reached." Shortly thereafter, the following was entered into the formal court docket by the Court: "Notice of Cancellation of Status Conference on 9/19/23 and Jury Trial on 12/7/23." (Doc. 29). Later that morning, Plaintiffs' counsel emailed Defendant's counsel at 11:26 a.m. that "Ricky will be here later today to sign, and I will forward a fully executed version before the end of the day." See Exhibit 9.

At 4:40 p.m. that day (Monday, March 27, 2023), Plaintiffs' counsel informed Defendant's counsel that Plaintiffs now had an issue with the Material Terms of Settlement. See Exhibit 10. ("Ricky's other request I think involves an inventory question that I don't think was fully brought up at the mediation, and might affect the terms of the Settlement."). In a telephone discussion with Plaintiffs' counsel, Defendant's counsel was informed by Plaintiff's counsel that Plaintiffs no longer agreed to the terms of the parties' agreement.

The following day, Tuesday, March 28, 2023, Plaintiffs' counsel spoke with Defendant's counsel by telephone and advised that he and his law firm would be filing a motion to withdraw as counsel for Plaintiffs. Defendant's counsel then sent an email at 4:44 p.m. confirming the call, noting that it was Defendant's position that, as per Judge Hoppe's minute entry the prior morning,

"Settlement [was] reached." Defendant's counsel added, "We do not need a written agreement to be signed...." Exhibit 11.

On April 10, 2023, Plaintiffs filed a "Statement" (Doc. 31) in which they stated, "I took a day to think about it and I called my attorney the next day and I told him that I *agree to the term that was presented to me in mediation*." (Emphasis added). Plaintiffs also stated that they "accepted the offer that was presented to me on March 23rd . . . ." Id. However, Plaintiffs claimed that "the agreement that was sent to my lawyer it was very different then [sic] what we discussed." Id.

A conference was held with Judge Hoppe on April 12, 2023 to address the issues raised in Plaintiffs' Statement. At that time, an additional conference with the Plaintiffs and Plaintiffs' counsel was scheduled with Judge Hoppe for April 20, 2023. On April 28, 2023, Judge Hoppe conferred with Defendant's counsel. No amendments or modifications to the settlement reached on March 27, 2023 were agreed to by the parties.

On May 8, 2023, the Court held a status conference with counsel. On May 11, 2023, Plaintiffs' then-counsel, Panagiotis C. Kostopanagiotis, filed a Motion for Leave to Withdraw as Counsel (Doc. 44). In paragraph 3 of that Motion, Mr. Kostopanagiois stated, "On Friday, March 24, 2023, after consideration, and a slight modification of the terms of the final offer, the Plaintiffs instructed Panagiotis C. Kostopanagiotis that the Defendant's final offer conveyed on March 23, 2023, as left open and subsequently modified, had been accepted." Mr. Kostopanagiotis stated that he "informed opposing counsel, and the presiding magistrate Judge, that the terms of the offer as negotiated had been accepted by the Plaintiffs, and that Ashraf Alababseh . . . would be endorsing the written terms of the agreed upon offer on behalf of both Plaintiffs." Id., ¶ 4. After Mr. Alababseh refused to sign the written agreement, Mr. Kostopanagiotis explained to him "that

the offer had been orally accepted . . . ." Id., ¶ 7. In his Motion to Withdraw, Mr. Kostopanagiotis further stated that he "takes the position that given his prior representations to opposing counsel and to the presiding magistrate mediation Judge that an agreement had been reached, that it would not be proper to represent the Plaintiffs in an effort to contest or vacate such purported agreement and proceed with litigating this matter further." Id., ¶ 10.

By Order entered on May 17, 2023, the Court granted Mr. Kostopanagiotis' Motion to Withdraw and gave Rickys Chips, LLC fourteen days to obtain new counsel. Plaintiffs requested additional time to obtain new counsel (Doc. 46). The Court entered an Oral Order (Doc. 48) on May 30, 2023 granting an extension to June 20, 2023. On June 20, 2023, Daniel Robert Sullivan entered an Appearance of Counsel (Doc. 49) for both Plaintiffs.

## ARGUMENT & AUTHORITY

> Court-facilitated settlements are an important aspect of the judicial process and of its purpose in providing an orderly and peaceful resolution of controversies. . . . Although resolution of a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint. To this extent, district courts have inherent authority, deriving from their equity power, to enforce settlement agreements.

Hensley v. Alcon Labs., 277 F.3d 535, 540 (4th Cir. 2002).

"To enforce a settlement agreement . . . , the district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Swift v. Frontier Airlines, Inc., 636 F. App'x 153, 154-55 (4th Cir. 2016) (internal quotations and citations omitted). In doing so, courts are "obligated to apply principles of state contract law." Stokes v. Firestone (In re Stokes), 198 B.R. 168, 175 (E.D. Va. 1996).

"The most basic principle of contract law is that when one party makes an offer that is clear, definite, and explicit, and leaves nothing open for negotiation, acceptance of that offer by

the other party will complete the contract." Judicial Inquiry & Review Comm'n of Va. v. Elliott, 272 Va. 97, 119, 630 S.E.2d 485, 496 (2006). This contract principle equally applies to settlement agreements as to any other type of contracts. Id. Further, where "the parties are fully agreed upon the terms of the settlement and intend to be bound thereby, the mere fact that a later formal writing is contemplated will not vitiate the agreement." Snyder-Falkinham v. Stockburger, 249 Va. 376, 385, 457 S.E.2d 36, 41 (1995) (internal quotations and citations omitted).

Finally, "[h]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement . . . ." Hensley, 277 F.3d at 540 (quotations and citations omitted). "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." Snyder-Falkinham, 249 Va. at 385, 457 S.E.2d at 41.

In this case, it is clear that the parties reached a complete agreement, the terms of which the Court can easily ascertain. On March 23, 2023, Defendant's counsel sent the document entitled "Material Terms of Settlement" to Plaintiffs' counsel. See Exhibit 1. The following day, Plaintiffs' counsel responded that "Ricky is in Agreement to essentially every aspect of these terms. The only caveat he is requesting is that the money be paid into escrow . . . ." See Exhibit 3. Later the same day, Defendant's counsel emailed a revised "Material Terms of Settlement" document to Plaintiffs' counsel. See Exhibit 4. Shortly thereafter, Plaintiffs' counsel emailed Judge Hoppe with a copy to Defendant's counsel advising that "Counsel and I have agreed to terms. Instead of my firm holding the money in escrow, we included language into the agreement that any Disputes over the smooth transition 'or payment' be taken up before you." See Exhibit 5. Plaintiffs' counsel also emailed Defendant's counsel separately that "Ricky agrees to the new language." See Exhibit 6.

Plaintiffs' Statement (Doc. 31) confirms their agreement to the revised Material Terms of Settlement as emailed to their counsel on March 24, 2023. Plaintiffs state, "So I took a day to think about it and I called my attorney the next day and I told him that I agree to the term that was presented to me in mediation. I also asked for the full amount to be in an escrow. I told my attorney that if UTz's attorney handed us exactly the same terms, same clear language and same amount figures that we discussed in meditation [sic] then I would accept the offer[.]" Id. Despite the fact that Plaintiffs seek to avoid the settlement agreement, there is no dispute that final version of the Material Terms of Settlement as sent on March 24, 2023 were exactly the same as those presented on the first day of mediation with the exception of the revised language agreed to by Plaintiffs (the six added words in paragraph 4).

Plaintiffs simply seek to avoid the enforcement of the parties' valid contract because they changed their minds or later had misgivings about the agreed upon terms. The law does not permit such a result.

## CONCLUSION

For these reasons, Defendant Utz Quality Foods, LLC respectfully requests that the Court enter an order enforcing the settlement agreement entered into between the parties and, as set forth in paragraph 12 of the "Material Terms of Settlement," dismiss this civil action with prejudice.

Dated: June 21, 2023                    Respectfully submitted,


                                        UTZ QUALITY FOODS, LLC
                                        By Counsel

GENTRY LOCKE


By: /s/ Glenn W. Pulley
    Glenn W. Pulley (VSB No. 15677)
    Amanda M. Morgan (VSB No. 70210)
Gentry Locke
801 Main Street, 11th floor (24504)
P. O. Box 6218
Lynchburg, VA 24505
Telephone:    434.455.9940
Facsimile:    540.983.9400
pulley@gentrylocke.com
morgan@gentrylocke.com


LOCKE LORD LLP
Richard J. Reibstein (admitted *pro hac vice*)
200 Vesey Street, 20th Floor
New York, NY 10281
Telephone:    212.912.2797
Facsimile:    212.812.8377
rreibstein@lockelord.com

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2023 a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

                                              /s/ Glenn W. Pulley